McCready *v.* Woodhull.

McCREADY and others *vs.* WOODHULL and others.

Each owner of a ship has a distinct and separate interest as a tenant in common; and may or may not insure his particular share, as he thinks fit.

He is under no obligation to insure for the benefit of the others, or to unite with them in insuring.

If he gives authority to an agent, to insure for him, it necessarily means to insure his share; and in order to make him liable jointly with the other owners for a premium on a policy for the whole vessel, the proof must be clear that he gave express authority for that purpose.

Such authority cannot be inferred from the general powers of a ship's husband; it not being a part of his general duty to insure.

If he does this, it must be by a special authority. Instructions from all the owners, to insure, will only authorize him to insure for each separately, to the value of his separate interest.

To make them all liable jointly, each for the other, they must enter into a joint undertaking to that effect, knowingly and expressly.

APPEAL from a judgment entered upon the report of a referee. The defendants were the owners of the schooner S. N. Smith; the defendant Smith owning one-fourth, and each of the other defendants one-eighth; the whole vessel valued at $5500. The plaintiffs were shipping and commission merchants, and in 1854 and 1855 were acting as agents

of the schooner above named, being constituted such agents by the defendant Smith and one Justus Ryder, some time captain. In August or September, 1854, the plaintiffs procured a renewal of a policy of insurance on said schooner, in the Reliance Insurance Company; for one year from August 30th, 1854, for $2500. In January or March, 1855, the plaintiffs effected or obtained a policy of insurance on said schooner, in the Atlas Insurance Company, for one year from January 19th, 1855, for $3000. In February, 1855, the plaintiffs effected an insurance on said schooner, in the Astor Insurance Company, for one year from February 20th, 1855, for $2500. This last insurance was based upon the fact that the Reliance Insurance Company failed when the policy first above mentioned had run for *six months*, whereupon the plaintiffs canceled that policy and effected a new one for *one year*, without express authority or direction from any one. This action was brought to recover of the defendants, as joint owners of the vessel, a balance claimed to be due to the plaintiffs on account of advances made by them in effecting insurances upon the ship, &c. The complaint alleged that at the times therein mentioned the plaintiffs, at the instance and request of the defendants, paid out and disbursed for the use and benefit of the schooner S. N. Smith, various sums stated, amounting to $1052.24. That they have received only $158.11; that the defendants were owners of said schooner, and were indebted to the plaintiffs in the balance of said account, $894.13. The answer denied the allegations of the complaint, except that the defendants were owners, and alleged that Smith and Klotts had paid the plaintiffs large sums of money for insurance, &c. The last item of the plaintiffs' demand, i. e. balance of interest, was unproven and unexplained. Excepting Woodhull, none of the appellants ever dealt with or saw the plaintiffs, or employed them to do any thing. None of the policies were ever in the possession of the appellants or either of them, nor ever seen by them or

either of them, nor did the name of either of the appellants ever appear in them.   The defendant Conklin never requested any one to effect insurance on his share or interest.

The referee found, as facts, that the plaintiffs did, acting as agents, effect and procure the several policies of insurance upon the schooner S. N. Smith, and for the several amounts and periods, and paid therefor the several premiums in the complaint stated ; and that they did and performed services in and about the obtaining of such insurances, and that for such services, and for effecting such insurances, and advancing the necessary moneys for the payment of said premiums, the plaintiffs became entitled to the commissions specified in the complaint.   That the defendants were the owners of the schooner ; and that the defendant Samuel N. Smith owned the one equal undivided fourth part thereof, and that each of the said other defendants owned the one equal undivided eighth part thereof.   That in procuring and effecting the said several insurances, and in doing and performing the said services, the plaintiffs acted upon the instance and request, and by the employment and authority, of all the defendants except William Conklin.

. And the referee found, as conclusions of law, that the plaintiffs were entitled to recover of and from the defendants, excepting Conklin, the sum of $894.13, together with interest.   He accordingly directed the entry of judgment in favor of the plaintiffs against the defendants last named for that sum, with costs, and directed the complaint to be dismissed as to the defendant Conklin.   The defendants Woodhull, Havens, Howell and Hudson appealed.

*N. B. Hoxie,* for the appellants.

*Jenness & Watson,* for the respondents.

CLERKE, J.   Each owner of a ship has a distinct and separate interest as a tenant in common ; and each owner may,

McCready v. Woodhull.

or may not, as he deems fit, insure his particular share. He is under no obligation whatever to insure for the benefit of the others, or to unite with them in a joint act to do so, so as to become liable for the whole premium, if the others should neglect or be unable to pay it. If he gives authority to any agent to insure for him, it necessarily means to insure his share; and in order to make him liable jointly with the other owners for the premium on a policy for the whole vessel, the proof must be clear that he gave express authority, to subject him to such a liability. This certainly cannot be inferred from the general authority of the ship's husband; whose duties are restricted to providing a proper outfit for the vessel, to see that she is properly repaired and fitted for the voyage, and furnished with provisions and sea stores, &c. But it is not a part of his general duty to insure; if he does this, it must be by a special authority. If he obtains instructions from every one of the owners, he has only authority to insure for each separately to the value of his separate interest; to make them all liable jointly, each for the other, they must enter into a joint undertaking to that effect, knowingly and expressly.

Giving the testimony in this case all reasonable effect in favor of the plaintiffs, the most that can be fairly deduced from it is, that some of the defendants authorized the captain to insure for the particular share of each. Nothing satisfactory appears in it to show that they intended to make themselves jointly liable for the whole. The defendants had no joint interest in the insurance, and, therefore, no joint liability in relation to it; unless, as I have said, they voluntarily incurred it. I do not think the referee had any ground for concluding that they had done this.

The judgment should be reversed and a new trial ordered; costs to abide the event.

SUTHERLAND, J. concurred.

INGRAHAM, J. (dissenting.)   The grounds on which this appeal was taken related to a question of fact.   Upon this question there was conflicting testimony, sufficient to have sustained the finding of the referee as to the joint liability; and under such a state of facts I do not think we should interfere with the finding.

It is conceded that the referee erred as to the amount, as his report includes a portion which had been paid by two of the owners.   That amount, with interest, should be remitted, and the judgment affirmed for the residue.

New trial granted.

[NEW YORK GENERAL TERM; February 4, 1861.   *Clerke, Sutherland* and *Ingraham,* Justices.]